UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00226-SSS-BFM | Date | January 27, 2026 |
|---|---|---|---|
| Title | *Vishu Vishu v. Warden of the Desert View et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

    Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on January 19, 2026. [Dkt. No. 2]. Respondents filed their Response to the TRO on January 27, 2026. [Dkt. No. 10, "Response"]. For the reasons discussed below, the Court **GRANTS** Petitioner's Application for a TRO.

**I.    BACKGROUND**

    This matter is yet another in a slew of habeas petitions following the Court's ruling in *Bautista v. Santacruz* that has unfortunately become routine in this Court. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). But individuals filing these habeas petitions are not to blame; rather, the current volume of habeas petitions and temporary restraining orders being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*.

The sequence of events follows this general pattern: individuals alleging membership in *Bautista*'s Bond Eligible Class file a Writ of Habeas Corpus, seeking relief consistent with the Court's final judgment in that case. Given the nature of immigration detention and the statutory right to a bond hearing by class members, those individuals then file an ex parte Application for a Temporary Restraining Order seeking expedited relief. Respondents, well-aware of the directives in *Bautista*'s final judgment, craft arguments in opposition. Because the issues presented in these matters are identical to those raised in *Bautista*, the Court then issues a Temporary Restraining Order requiring Respondents to provide these individuals with bond hearings. *See e.g.*, *Joaquin Beltran Orduno et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03332-SSS-BFM (C.D. Cal.); *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al.*, Case No. 2:25-cv-11649-SSS-BFM (C.D. Cal.); *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM (C.D. Cal.); *Edgar Antonio Fregoso Rodriguez v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-03439-SSS-BFM (C.D. Cal.); *Rosa Icela Reyes Torres et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03566-SSS-BFM (C.D. Cal.); *Roberto Carlos Rivas Martinez v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-03597-SSS-BFM (C.D. Cal.); *Julio Pena Camacho et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03392-SSS-BFM (C.D. Cal.); *Pedro Velasquez Rodriguez et al. v. Kristi Noem et al.*, Case No. 5:26-cv-00030- SSS-BFM (C.D. Cal.); *Juan Rios Vega v. Kristi Noem et al.*, Case No. 5:26-cv-00058-SSS-BFM (C.D. Cal.); *Gurjinder Singh et al. v. Mark Bowen et al.*, Case No. 5:26-cv-00016-SSS-BFM (C.D. Cal.).

When this pattern of filings began, Respondents' arguments were initially merits-based. [*See* Dkt. No. 6 in *Adrian Salgado Valenzuela v. Fereti Semaia et al*. Case No. 5:25-CV-02853-SSS-RAO (C.D. Cal. Oct. 30, 2025); Dkt. No. 8 in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.* Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 24, 2025)]. This Court, assuming good faith on behalf of Respondents, initially considered each argument raised in opposition. However, each argument was found to be precluded by the law of the case doctrine, or determined meritless. [*See* Dkt. No. 13 in *Joaquin Beltran Orduno et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03332-SSS-BFM (C.D. Cal. Dec. 11, 2025); Dkt. No. 14 in *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al.*, Case No. 2:25-cv-11649-SSS-BFM; Dkt. No. 13 in *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM (C.D. Cal. Dec. 19, 2025)].

Respondents then changed course. As of late, Respondents seek to identify procedural technicalities and deficiencies to oppose the relief sought. [*See e.g.*, Dkt. No. 10 in *Juan Rios Vega v. Kristi Noem et al.*, Case No. 5:26-cv-00058-SSS-BFM (C.D. Cal. Jan. 12, 2026)]. Despite the clarity of the Court's previous orders and legal doctrines that preclude Respondents from relitigating issues at the heart of these requests, Respondents continue to manufacture arguments for sake of opposition.

At this point in time, the Court can no longer confer Respondents with the benefit of the doubt as to the intent of their filings. Despite the final judgment in *Bautista*, it appears that immigration judges continue to rely on legal interpretations that were expressly found unlawful. [*See e.g.*, Dkt. No. 4-2 at 15 in *Roberto Carlos Rivas Martinez v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-03597-SSS-BFM (C.D. Cal. Dec. 31, 2025) (demonstrating that an IJ cited to *Yajure-Hurtado* as a jurisdictional bar to entertaining a bond hearing); Dkt. No. 8-1 at 14 in *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al.*, Case No. 2:25-cv-11649-SSS-BFM (Dec. 11, 2025) (same); Dkt. No. 6-2 at 2, in *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM (C.D. Cal. Dec. 15, 2025) (same)].

The volume of filings has caused the Court to expend a considerable level of resources to ensure the just determination of each action and proceeding. To prevent further perpetuation of this pattern, the Court articulates below *how* and *why* Respondents are collaterally estopped from opposing the merits of the Bond Eligible Class members' habeas petitions.

## II.   LEGAL STANDARD

The Ninth Circuit has stated that "[c]ourts are granted broad discretion to apply the doctrine of collateral estoppel." *Disimone v. Browner*, 121 F.3d 1262 (9th Cir. 1997). Moreover, "a court is permitted to raise preclusion doctrines *sua sponte*." *Id.* (citing *McClain v. Apodaca,* 793 F.2d 1031, 1032–34 and n. 2 (9th Cir.1986)).

Collateral estoppel is a doctrine that promotes judicial economy and protects parties from the burden of successive litigation by barring relitigation of issues in certain circumstances. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (1980). Those circumstances are the following: (1) the issue at stake must be identical to the issue raised in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the

prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003).

### III.  DISCUSSION

Each Respondent in this matter was a party to the *Bautista* action before this Court.[1]  The issues presented in *Bautista* as well as the issues presented in the TRO are identical: whether a member, or members, of the Bond Eligible Class were entitled to a bond hearing under the INA.  Respondents had a full and fair opportunity to litigate the issues in *Bautista*, and did so.

*Bautista*'s final judgment, entered on December 18, 2025, declared the proper section of the Immigration and Nationality Act ("INA") governing the detention of Bond Eligible Class members was 8 U.S.C. §1226(a), not the mandatory detention provision of § 1225(b).  *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  As relating to the governing authority, the Court expressly declared that Bond Eligible Class members were "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" pursuant to § 1226(a).  *Id.*  In addition, the Court vacated the Department of Homeland Security policy described in the July 8, 2025, "Interim Guidance Regarding Detention Authority for Applicants for Admission" under the Administrative Procedure Act as not in accordance with law.  5 U.S.C. § 706(2)(A).  *Id.*

---

[1] Respondents in this matter are James Janecka, Warden of the Adelanto Detention Center; Ernesto Santacruz, Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; Pamela Bondi, Attorney General, United States Department of Justice; Kristi Noem, Secretary, United States Department of Homeland Security; and Todd Lyons, Acting Director of United States Immigration and Customs Enforcement.  [*See* Habeas Petition]. Respondents in *Bautista* included each of these individuals with the exception of James Janecka.  However, *Bautista* listed Feriti Semaia as the Warden of the Adelanto Detention Center.  [*See* Dkt. No. 1, in *Lazaro Maldonado Bautista et al. v. Ernesto Santacruz Jr et al.*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 23, 2025)].  Because these individuals were both named as the immediate custodian for those detained in the Adelanto Detention Center, the Court finds the parties are identical for purposes of collateral estoppel.

Given the nature of *Bautista*'s final judgment, it satisfies the requirement that a final judgment be had on the merits prior to the doctrine of issue preclusion being invoked as well as the requirement that the issue be a critical and necessary part of the judgment. Notably, none of the facts in *Bautista* were disputed, and all conclusions made by the Court underlying the final judgments were questions of law.

Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to the relief he has requested as well as what is guaranteed by *Bautista*'s final judgment.

Here, Respondents do not dispute that Petitioner is a member of the Bond Eligible Class. [Response at 2]. Because Petitioner is a member of the Bond Eligible Class, Respondents are collaterally estopped from relitigating the issue as to whether Bond Eligible Class members are entitled to the exact relief as provided in the *Bautista* final judgment.

Accordingly, Respondents are collaterally estopped from relitigating this issue against all members of the Bond Eligible Class.

## IV. CONCLUSION

For the reasons discussed above, the Court finds Respondents have been precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO. As such, the TRO is **GRANTED**. [Dkt. No. 2].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation.

This Order shall be in effect **until February 13, 2026**. The Court **ORDERS** Respondents **TO SHOW CAUSE** as to why a preliminary injunction should not

issue. Respondents must include in their Response an explanation as to why Petitioner did not receive a bond hearing before an Immigration Judge in the first instance given his membership in the Bond Eligible Class. Respondents shall file their response by **Friday February 6, 2026**, and Petitioner shall file any reply by noon on **Wednesday February 11, 2026**.

The Court **SETS** a hearing in person on whether a preliminary injunction should issue on **February 13, 2026 at 2:00 PM,** in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501.

**IT IS SO ORDERED**.